# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

RACHEL FLOWERS, *et al.*,  )
              Plaintiff,  )
              v.  )   Case No. 17-01028-CV-W-LMC
UNITED STATES OF AMERICA,  )
              Defendant.  )

## ORDER

Pending before the Court is Plaintiffs' Motion to Exclude the Opinion Testimony of Defendant's Retained Expert Eric C. Frye. (Doc. #70.) For the reasons discussed below, the motion is denied.[1]

### I.    Background

This matter arises out of a vehicular accident involving a United States Postal Service semi-tractor trailer that collided with a passenger vehicle, causing the death of one minor and injuries to another minor. Plaintiffs brought suit against the United States pursuant to the Federal Tort Claims Act, asserting claims for negligence and/or negligence per se and gross negligence and sought damages in the amount of $33,000,000. (Doc. #1.) On November 6, 2019, partial summary judgment as to liability was granted "in favor of plaintiff on the issue of the United States' liability as to causation of the collision and the death of Kente Summers. Partial summary [was denied] as to the issue of 'any injuries' to Donte Summers[.]" (Doc. #56 at 3.)

---

[1] The Court notes that the Government failed to file a timely response to the motion and therefore entered an order to show cause why the motion should not be granted. (Doc. #75.) In their Response, the Government asserted that a calendaring error caused the failure of the Government to timely respond to Plaintiffs' motion. (Doc. #80 at 1.) Counsel are reminded to timely file responses to motions.

The Defendant retained and designated, Eric C. Frye, to perform economic and financial consulting services in connection with the lawsuit. (Doc. ##49, 49-1.) Plaintiffs move to exclude Frye's testimony because it is unreliable in that it misconstrues Missouri's wrongful death damages statute. (Doc. #71.) The Defendant argues that none of Plaintiffs' arguments are relevant to determining whether Frye's testimony is admissible, "but are instead arguments concerning the weight of the competing economic evidence." (Doc. #80 at 4.)

II. Standard

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under this rule, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 2795 (1993). In determining whether an expert's opinion is both relevant and reliable, courts look at:

> (1) whether the theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the theory has been generally accepted. Daubert's progeny provides additional factors such as: whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case.

*Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686–87 (8th Cir. 2001) (internal quotations and citations omitted.) "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Id.* at 686.

III. Analysis

Eric C. Frye is Vice President of Spectrum Economics and has twenty-five years in investment banking, business valuation and financial analysis. (Doc. #49-1 at 19.) He has a master's in business administration as well as a Certified Financial Analyst designation and an Associate of the Society of Actuaries designation. (Doc. #49-1 at 19-20.) Mr. Frye's report was submitted on September 5, 2019. (Doc. #49-1 at 1.) A day later he submitted a supplemental report. (Doc. #49-2 at 1.)

Plaintiffs argue that Mr. Frye's methodology contradicts Missouri law and is therefore unreliable. Specifically, Plaintiffs argue that: 1) Frye's damage calculations are not based on the annual income of Kente's parents; 2) his calculations are based on a "net loss" model rather than the "annual pecuniary losses suffered" model required by the statute; 3) Frye improperly classified damages as support to the parents, rather than standalone pecuniary damages; and 4) Frye's use of a flat-line 90% personal consumption by Kente during his lifetime is unreliable and illogical. (Doc. #71 at 6-9.) Defendant argues that Plaintiffs' arguments go to the weight of the evidence and not to admissibility. (Doc. #80 at 4.)

> Missouri's wrongful death damage statutes provides:
>
> In every action brought under section 537.080, the trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and without limiting such damages to those which would be sustained prior to attaining the age of majority by the deceased or by the person suffering any such loss. In addition, the trier of the facts may award such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued. The mitigating or aggravating circumstances attending the death may be considered by the trier of the facts, but damages for grief and bereavement by reason of the death shall not be recoverable.

> If the deceased was not employed full time and was at least fifty percent responsible for the care of one or more minors or disabled persons, or persons over sixty-five years of age, there shall be a rebuttable presumption that the value of the care provided, regardless of the number of persons cared for, is equal to one hundred and ten percent of the state average weekly wage, as computed under section 287.250. If the deceased is under the age of eighteen, there shall be a rebuttable presumption that the annual pecuniary losses suffered by reason of the death shall be calculated based on the annual income of the deceased's parents, provided that if the deceased has only one parent earning income, then the calculation shall be based on such income, but if the deceased had two parents earning income, then the calculation shall be based on the average of the two incomes.

Mo. Rev. Stat. § 537.090.

Plaintiffs' arguments miss the mark with regard to the Missouri wrongful death damages statute. Essentially, Plaintiffs fail to fully understand the rebuttable nature of the presumption. The statute requires that the fact finder "base the pecuniary loss upon the annual income of the deceased minor's parent or parents," but provides an "opportunity to rebut that number in an upward or downward manner with rebuttal evidence and argument." *Mansil v. Midwest Emergency Med. Servs., P.C.*, 554 S.W.3d 471, 477 (Mo. Ct. App. 2018), reh'g and/or transfer denied (July 3, 2018), transfer denied (Sept. 25, 2018). Frye both recognized and addressed the distinction between mandating a pecuniary loss model and utilizing a base model that could then be rebutted based on the facts of the case. (Doc. #49-1 at 5 ¶17.) Because the statute is only a rebuttable presumption, and Frye adequately discussed the reasons for the upward and/or downward departures from the base, this Court rejects Plaintiffs' argument that the opinion is unreliable. Additionally, as the Court in *Mansil* found, Missouri law permits reductions based on consumption. *Mansil*, 554 S.W.3d at 577-78. Simply stated, the presumption in Missouri law can be rebutted. Frye's opinions are not at odds with the Missouri wrongful death damages statute and therefore, this Court rejects Plaintiffs' argument that Frye's opinions are unreliable. Furthermore,

this Court notes that Plaintiffs' arguments are really about the credibility and weight of the opinion evidence, not the admissibility of the evidence.

In their brief, Plaintiffs argue that "[p]ecuniary damages under Section 537.90 are not tied to the survivors, but are valued by Kente's life standing alone." (Doc. #71 at 7.) The Government suggests that Plaintiffs "seem to indicate that their pecuniary loss is equal to what Kente Summers would have earned had he lived." (Doc. #80 at 9-10.) Plaintiffs' brief does not fully develop this issue, yet the Government has fully developed the issue. Because the issue is not fully developed this Court declines to comment on whether Missouri law permits pecuniary damages based on a decedent's projected lifetime earnings.

IV. Conclusion

Based on the foregoing reasons, Plaintiffs' Motion to Exclude the Opinion Testimony of Defendant's Retained Expert Eric C. Frye (Doc. #70) is DENIED.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE