# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RACHEL FLOWERS, *et al.*, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-01028-CV-W-LMC |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiffs' Motion for Approval of Proposed Settlement and the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677. (Doc. #91.) For the reasons discussed below, this Court denies the motion.

## BACKGROUND

This matter arises out of a motor vehicle accident which resulted in the death of K.S. and injuries to D.S. (Doc. #1 at 2.) Rachel Flowers, K.S.'s and D.S.'s mother, acting individually and as heir and personal representative of the estate of K.S., and as the parent of D.S., filed the Complaint against the United States pursuant to the Federal Tort Claims Act. (Doc. #1 at 2.) Plaintiffs allege claims for negligence, negligence per se and gross negligence. (Doc. #1 at 3-7.)

This matter was originally assigned to the Honorable Howard F. Sachs, who granted Plaintiffs' motion for partial summary judgment as to liability for causation of the collision and death of K.S. (Doc. #56 at 3.) Judge Sachs denied the motion for summary judgment "as to the issue of 'any injuries' to [D.S.]," and directed that the case be set for a bench trial. (Doc. #56 at 3.) On November 19, 2019, Judge Sachs recused himself from presiding over the bench trial and

directed the Clerk's office to reassign the matter.[1] (Doc. #59.) The matter was then reassigned to the undersigned, who referred the matter to the Honorable Willie J. Epps for purposes of conducting mediation. (Doc. ##60, 67.)

On March 10, 2020, the Honorable Willie J. Epps conducted a mediation and the parties reached an agreement to settle the matter. (Doc. #86.) Plaintiffs now request that this Court approve the proposed settlement. (Doc. #91.)

DISCUSSION

The Court has thoroughly reviewed the Motion for Approval of Proposed Settlement and the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677. For the reasons discussed below, the Court cannot approve the settlement on the existing record.

Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, an individual's capacity to sue is determined by the individual's domicile. Fed. R. Civ. P. 17(b)(1). In Missouri, "[s]uits by infants may only be commenced and prosecuted, either: First, by a duly appointed guardian or conservator of such infant; or, second, by a next friend appointed for him in such suit; or, third, if asserted by counterclaim, by a guardian ad litem." Mo. Rev. Stat. § 507.110. This Court has previously noted that "[e]ven a child's parent must be judicially-appointed to serve as the minor's representative." *Elmore v. Mansfield*, No. 3:11-CV-5088-DGK, 2013 WL 2666167, at *1 (W.D. Mo. June 12, 2013). Neither a next friend nor a conservator has not been appointed in this matter. Plaintiffs point out that a conservator for D.S. has been appointed by the 16th Judicial Circuit Court,

---

[1] Judge Sachs noted that as a senior judge, he has, recused himself from presiding over jury trials. While this matter would be set for a bench trial, Judge Sachs recused himself in this matter due to the "likely trial demands in this case." (Doc. #59.)

2

Jackson County, Missouri. (Doc. #91 at 2; #91-2.) That alone is not enough, as the conservator or next friend must be appointed in this matter pursuant to section 507.110 *et seq.*

Second, the Court must approve any settlement regarding a minor pursuant to Mo. Rev. Stat. § 507.184. As the Court in *Elmore* stated, the court has the authority to (1) hear evidence on whether to approve or disapprove "a proposed settlement of a minor's claim; (2) authorize the next friend to execute a release of the minor's claim; (3) approve a fee contract between the next friend and an attorney representing the minor; and (4) order the next friend to pay the attorney's fee and any reasonable expenses." *Elmore,* 2013 WL 2666167, at *2. There is no discussion in the filings as to the valuation of D.S.'s claims versus the recovery under the settlement. Furthermore, while there is some discussion as to attorney's fees, more detail is needed, such as how those attorney's fees are deducted, and how much is designated as attorney's fees and how much as expenses. Additionally, the motion seems to acknowledge that there may be liens and claims for payment or reimbursement that have not yet been satisfied but does not provide any information as to such. (Doc. #91 at 4.) Finally, if Plaintiffs request the appointment of D.S.'s mother as next friend, as opposed to a conservator, then some discussion is needed as to whether or not there is a conflict of interest between parent and child, due to both receiving settlement funds.

Third, after reviewing the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677, the Court is concerned that it does not accurately reflect that a conservator has been appointed to manage D.S.'s estate.

Finally, regarding the wrongful death proceedings involving, K.S., the motion addresses some of the statutory requirements, however, it does not address all requirements and no supporting affidavits have been submitted. Under the wrongful death statute, this Court must determine, *inter alia*, who are the Class I members, whether they were properly notified and

3

apprised of settlement, the total amount of settlement and how it is to be distributed, whether the amount of damages is appropriate pursuant to § 537.090, whether there are any liens, and whether the settlement is fair and reasonable. Mo. Ann. Stat. § 537.080 *et seq.* Plaintiffs' filings have not addressed all of theses requirements.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Approval of Proposed Settlement and the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 is DENIED WITHOUT PREJUDICE. Plaintiff shall file a renewed motion on or before October 22, 2020, and may file supporting documents for *in camera* review.

**IT IS SO ORDERED.**

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE