# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RACHEL FLOWERS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-01028-CV-W-LMC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER APPROVING SETTLEMENT

Pending before this Court is Plaintiffs' Amended Motion for Approval of Proposed Settlement ("Motion"). (Doc. #97.) A procedural history of this matter was presented in the Court's previous order (Doc. #94) and will thus, not be recited here. On October 19, 2020, the Court granted Plaintiffs' motion to appoint Rachel Flowers as the Next Friend to serve D.S. in this proceeding. (Doc. #96.) This matter involves both a minor settlement and a wrongful death settlement, both of which require approval of this Court pursuant to Mo. Rev. Stat. § 507.184 and Mo. Rev Stat. § 537.095, respectively.

A party suing the federal government in tort is subject to the dictates of the Federal Tort Claims Act (FTCA), which provides a limited waiver of sovereign immunity. *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (stating that the FTCA is "a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court.") Pursuant to 28 U.S.C. § 1346(b), "the extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305, 112 S. Ct. 711, 714 (1992). The FTCA, limits the amount of attorney fees to twenty-five percent of the judgment rendered. 28 U.S.C. § 2678.

As noted above, this matter implicates two Missouri statutes, both of which require court approval of the settlement. With regard to minor settlements, pursuant to Mo. Rev. Stat. § 507.184, the Court:

> shall have the power to: (1) approve a proposed settlement of a minor's claim; (2) authorize the next friend to execute a release of the minor's claim; (3) approve a fee contract between the next friend and an attorney representing the minor; and (4) order the next friend to pay the attorney's fee and any reasonable expenses.

*Elmore v. Mansfield*, No. 3:11-CV-5088-DGK, 2013 WL 2666167, at *2 (W.D. Mo. June 12, 2013). The wrongful death statute directs courts, upon approval of a settlement, to apportion damages to all entitled individuals and order the claimant:

> (1) To collect and receipt for the payment of the judgment;
> (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted, or if there is no contract, or if the party sharing in the proceeds has no attorney representing him before the rendition of any judgment or settlement, then the court may award the attorney who represents the original plaintiff such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances;
> (3) To acknowledge satisfaction in whole or in part for the judgment and costs;
> (4) To distribute the net proceeds as ordered by the court; and
> (5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

Mo. Rev. Stat. § 537.095.

After reviewing the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 ("Stipulation"), attached to the Motion as Exhibit A (Doc. 97-1), the Addendum to Stipulation for Compromise Settlement and Release ("Addendum"), attached to the Motion as Exhibit D (Doc. #97-4), the Affidavit of Edwin Summers (Doc. #100-1), and the testimony and evidence adduced at the hearing held on October 28, 2020, the Court finds as follows:

MINOR SETTLEMENT

1. Rachel Flowers has been duly appointed as the Next Friend of D.S. and is, therefore, authorized to prosecute this matter. (Doc. #96.)

2. The 16th Judicial Circuit Court, Jackson County, Missouri, has established a conservatorship estate for D.S., a minor, and appointed John Pruitt Killiam, Public Administrator, as the conservator for D.S. (Doc. #97-3.)

3. The Court has previously granted partial summary judgment as to liability for causation of a motor vehicle accident, but denied summary judgement "as to the issue of 'any injuries' to [D.S.]" (Doc. #56 at 3.)

4. Plaintiff D.S., by and through his Next Friend, Rachel Flowers, and the United States of America have agreed, subject to approval of the Court, to enter into a compromise and settlement of all claims against the United States of America on terms set forth in the Stipulation and the Addendum. (Doc. ## 97-1, 97-4.)

5. Pursuant to the Stipulation, D.S.'s portion of the settlement proceeds is $100,00, minus attorney's fees and expenses.

6. Pursuant to the Addendum, the parties agree that D.S.'s portion of the settlement proceeds will be transferred directly to the Conservator after payment of attorney's fees and expenses. (Doc. #97-4.)

7. Next Friend Rachel Flowers testified that she has fully considered the circumstances of these claims, as well as the uncertainties, expenses and delay the litigation of this matter may present, and has represented to the Court that she believes the settlement reached with the United States of America is fair and reasonable and in the best interest of Plaintiff D.S. (Doc. #101 at 4-5.)

## WRONGFUL DEATH SETTLEMENT

8. The Decedent, K.S., is survived by his mother, Rachel Flowers, and father, Edwin Summers. Decedent had no children. (Doc. #101 at 21; Doc. #100-1.)

9. The Court expressly finds that Rachel Flowers and Edwin Summers are the only Class I members/claimants entitled to recover damages as a result of the alleged wrongful death of Decedent pursuant to Mo. Rev. Stat. § 537.080.

10. The Court finds that all Class I claimants have been properly notified and apprised of this settlement.

11. The parties have agreed to compromise and settle this wrongful death action to be distributed as follows:

    Rachel Flowers: $450,000, as the natural mother of K.S.

    Edwin Summers: $50,000, as the natural father of K.S.

12. The Court finds that all Class I claimants agree and consent to the apportionment of the settlement proceeds.

13. The Court finds the apportionment of the settlement proceeds between the parties is fair and reasonable under the circumstances, is in proportion to the loss sustained by Class I claimants Rachel Flowers and Edwin Summers and is in the best interests of the Class I claimants.

14. The Court finds the attorney's fees and expenses, as discussed more fully below, are fair and reasonable and should be approved.

15. The Court finds that to the extent there are any liens on the settlement, such liens will be taken out of the settlement proceeds. (Doc. #101, at 11.)

ATTORNEY'S FEES AND EXPENSES

Plaintiffs' counsel requested attorney's fees in the amount of $150,000.00, and expenses in the amount of $132,058.48.[1] (Doc. #97-2.) After reviewing Plaintiffs' counsel's submission regarding expenses (Doc. #97-2), the undersigned requested additional briefing on certain listed expenses. Both the United States and the Plaintiff have filed supplemental briefing on the matters requested. (Doc. ## 99, 100.)

Plaintiffs' counsel has submitted, for *in camera* review, a contingency fee agreement between Plaintiff Rachel Flowers and counsel, as well as a contingency fee agreement between Edwin Summers and counsel. Plaintiffs' counsel points out that the contingency fee agreements contain choice of law clauses which provide the "Agreement shall be construed under and in accordance with the laws of Texas . . . ." Neither Rachel Flowers nor Edwin Summers have raised any arguments as to why the choice of law provision should not apply. Therefore, this Court will apply Texas law in determining the reasonableness of fees and expenses.

Both contingency fee agreements contain provisions for attorney's fees in excess of the FTCA's statutory cap. 28 U.S.C. § 2678. Plaintiffs' counsel and Plaintiffs agreed that the attorney's fees would be capped at twenty-five percent. (Doc. #101 at 4, 10, 19.) Therefore, the Court will cap Plaintiffs' counsel's fee at twenty-five percent. This Court notes that Plaintiffs' counsel did not submit detailed records of the time spent on this matter. Even with a contingency fee agreement, Texas attorneys must still show the appropriateness of the fee under Rule 1.04(b) of the Texas Disciplinary Rules of Professional Conduct.[2] *See Arthur Andersen & Co. v. Perry*

---

[1] Plaintiffs' counsel also requested reimbursement for various loans to Rachel Flowers in the total amount of $6,140. (Doc. #97-2.) Plaintiffs' counsel has withdrawn the request for reimbursement. (Doc. #100 at 9-10.) Therefore, this Court will not order reimbursement for the loans.
[2] Rule 1.04(b) provides:

5

*Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (finding that under Texas law, a "party's contingent fee agreement should be considered by the factfinder, see Tex. Disciplinary R. Prof. Conduct 1.04(b)(8), and is therefore admissible in evidence, but that agreement cannot alone support an award of attorney's fees under Texas Business and Commerce Code section 17.50(d).") Although Plaintiffs' counsel has failed to provide detailed time and labor requirements devoted to this matter, this Court has reviewed the docket to determine what was required of Plaintiffs' counsel. This Court notes that this matter involves federal law and numerous state laws which required a decent amount of work for counsel to ensure compliance. There is a long history of the professional relationship between Plaintiffs and Plaintiffs' counsel, as Plaintiffs engaged Plaintiffs' counsel in October of 2014. Plaintiffs' counsel participated in discovery, including expert witness discovery, responded to discovery motions, filed a partial motion for summary judgment and *Daubert* motion, prepared various trial documents in anticipation of trial, and participated in two different mediations. The settlement between the parties is a significant

---

Factors that may be considered in determining the reasonableness of a fee include, but not to the exclusion of other relevant factors, the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

TX ST RPC Rule 1.04(b).

settlement. This Court is without evidence of the other factors found in Rule 1.04, however, the Court is satisfied that awarding a fee of twenty-five percent is reasonable.

The Court next turns to the award of expenses. The FTCA is silent with regard to the award of expenses and therefore does not create a bar to recovery. Plaintiff argues that pursuant to Missouri's wrongful death statute and the statute governing minor settlements, this Court is tasked only with determining that a contract between the parties existed and if so, then approving payment under the contract. (Doc. #100 at 4-5.) Plaintiffs' position is supported by existing case law. *Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 327 (Mo. Ct. App. 1990) (abrogated on other grounds by *Macke v. Patton*, 591 S.W.3d 865 (Mo. 2019)) (finding that "[u]nder the circumstances the clear language of the statute does not authorize an award of attorney's fees 'as the court deems fair and equitable.'"). This Court, therefore, must determine whether the contingency fee agreements between the parties permitted such expenses.

Both contingency fee agreements contain clauses that permit the deduction of "reasonable expenses" from gross settlement proceeds. Furthermore, the contingency fee contracts set forth a number of contemplated expenses, including, *inter alia,* Westlaw costs, paralegal services, and probate legal fees. Plaintiffs have provided a list of expenses which fails to contain any details as to how or why the expenses are related to the case. Expenses listed include, but are not limited to, expenses for mail, paralegals, legal research, travel, local counsel and several charges that contain no information as to how they are related to this matter.

Under Texas law, there must be some evidence of the necessity and reasonableness of the expenses. *Cleveland v. Taylor*, 397 S.W.3d 683, 701 (Tex. App. 2012). That hurdle, however, is low and "clear, direct, and uncontroverted evidence, even evidence from an interested witness, will establish that attorney's fees sought are reasonable, necessary, and credible." *Id.* Plaintiffs'

7

counsel did not submit an affidavit and did not testify as to the necessity and/or reasonableness of such expenses. At the hearing, he argued generally that "this is all reasonable and necessary things[.]" (Doc. #101 at 24.) This Court finds that the argument during the hearing is not evidence to establish the reasonableness and necessity of certain expenses. Notably, certain expenses were directly called into question by Defense counsel (Doc. #101 at 24, lines 6-8), yet Plaintiffs' counsel failed to include an affidavit providing evidence that the listed expenses were reasonable and necessary when he submitted additional briefing and failed to mention those expenses in his briefing. Therefore, expenses to Anissa Lampley, Ellen Creed, Spectrum Paradigm, Minocha Contract Serv., and Delvery Toney Adm will be reduced from the list of allowable expenses. With the exception of the two expenses listed below, this Court will allow the other expenses listed as they are for matters which are generally found within litigation.

The contingency fee agreements provide for the payment of probate legal fees as an expense which are to be deducted out of any settlement proceeds. At the hearing, Plaintiffs' counsel argued that Donald Quinn, who was also local counsel, was providing probate work for Plaintiffs. (Doc. #101 at 10, lines 12-16.) Similarly, Plaintiffs' counsel argues in his supplemental briefing, that Donald Quinn provided probate and estate work to Plaintiffs for which Plaintiffs' counsel paid and is now seeking reimbursement. (Doc. #100, at 7-9.) The Court reminds counsel that argument before the Court is not evidence, and some evidence of the probate and estate work is necessary. Nevertheless, this Court will take judicial notice of the court records of the 16th Judicial Circuit, Jackson County, Missouri. It appears that Donald Quinn was attorney of record in a probate matter involving K.S. and a probate matter involving D.S. In re Estate of K.S., 16P8-PR00336; *In re Estate of D.S.*, 20P8-PR00724. The expenses for Donald Quinn line up with the

8

time frame of work performed on those two cases. Therefore, this Court will allow expenses to Donald Quinn.

As noted above, 28 U.S.C. § 2678 speaks only to attorney's fees. This Court, however, believes that certain expenses, namely the legal research expenses and paralegal expenses, should be deemed attorney's fees. This view is supported by at least one other District Court. In *Shaw v. United States*, No. CIV 17-0147 JB/LF, 2018 WL 3598513, at \*8 (D.N.M. July 26, 2018), the Court noted that courts "should not interpret the word fee in the FTCA so narrowly that attorneys might structure settlements in such a way as to circumvent Congress' decision to limit attorney's fees to twenty-five percent of the settlement." *Shaw v. United States*, No. CIV 17-0147 JB/LF, 2018 WL 3598513, at \*8 (D.N.M. July 26, 2018). The court in *Shaw*, therefore, concluded that "payments that the legal industry commonly accepts and classifies as payments other than attorneys' fees should not count toward the FTCA's twenty-five percent cap on 'fees.'" *Id.* This Court agrees with *Shaw's* conclusion. Therefore, in determining whether to permit legal research and paralegal fees as expenses, the Court must first determine whether those items are typically charged as fees or expenses in Texas.

Plaintiffs' counsel submitted four line-items for West Thomson Reuters in the amount of $2,476.00[3], and one line-item to West Thomson Reuters in the amount of $619.00. (Doc. #97-2, at 2–4.) Texas courts have found that the "[c]osts of reasonable computerized legal research are recoverable as attorneys' fees under Texas Civil Practice & Remedies Code § 38.001." *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-CV-00133-O, 2015 WL 12696493, at \*12 (N.D. Tex. Jan. 22, 2015). Therefore, as attorney's fees, legal research expenses are subject to

---

[3] The Court is highly suspicious of the four line-item amounts for exactly the same amount; each being charged at the same time each year for four years. Nevertheless, because of the ultimate conclusion reached, the Court will not dig deeper into this matter.

9

FTCA's twenty-five percent cap on attorney's fees. Because Plaintiffs' counsel is already receiving the full twenty-five percent, the legal research fees are not recoverable.

Finally. Plaintiffs' counsel submitted expenses in the amount of $63,570 for paralegal fees. This Court has not found any Texas case directly on point; however, it appears that Texas treats paralegal fees, especially when paralegals perform legal work under the supervision of an attorney, as attorney's fees. See *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763 (Tex. 2012) (discussing paralegal fees in the determination of attorney's fees under the lodestar method). Therefore, this Court will treat paralegal fees as attorney's fees, and thus subject to the twenty-fiver percent cap. Here, Plaintiffs' counsel does not indicate the nature of the work for each line-item. However, the sheer cost of paralegal fees leads this Court to believe that the primary work was substantive legal work. Therefore, paralegal fees are disallowed.

Therefore, Plaintiffs' counsel is entitled to twenty-five percent of the settlement proceeds as attorney's fees. Additionally, Plaintiffs' counsel is entitled to$43,656.48 in expenses.

## CONCLUSION

Therefore, based on all the foregoing, and in accordance with Mo. Rev. Stat. § 507.184 and Mo. Rev Stat. § 537.095, the Court hereby:

1. APPROVES as fair and reasonable, and in the best interest of the minor, the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677, attached to the Motion as Exhibit A (Doc. #91-1), and the Addendum to Stipulation for Compromise Settlement and Release, attached to the Motion as Exhibit D (Doc. #97-4);

2. APPROVES the wrongful death settlement as set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677, attached to the Motion as Exhibit A (Doc. #97-1);

3. ORDERS the parties to execute the Addendum to Stipulation for Compromise Settlement and Release, attached to the Motion as Exhibit D (Doc. #97-4);

4. ORDERS the United States to tender all settlement amounts due to Plaintiffs, subject to funding pursuant to 42 U.S.C. § 233(k), and pay all amounts in accordance with the terms of the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677, attached to the Motion as Exhibit A (Doc. #97-1), and the Addendum to Stipulation for Compromise Settlement and Release, attached to the Motion as Exhibit D (Doc. #97-4);

5. APPROVES as reasonable the payment of attorney's fees in the amount equal to the statutory cap of twenty-five percent, and expenses that are due under the contract consistent with this Order, both of which are to be paid out of the proceeds of the settlement;

6. ORDERS the distribution of settlement proceeds as set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677, attached to the Motion as Exhibit A (Doc. #97-1), and specifically, as to D.S. such proceeds shall be paid to the conservator for the Estate of D.S., solely for the benefit of D.S. as stated in the Addendum to Stipulation for Compromise Settlement and Release, attached to the Motion as Exhibit D (Doc. #97-4);

7. ORDERS Rachel Flowers, individually and as the representative of the Class I claimants of individuals as defined in Mo. Rev. Stat. § 537.080, and as Next Friend to D.S., upon receipt of the settlement funds described, herein, shall acknowledge satisfaction of the

settlement payment and file with the Court a receipt of payment and a Stipulation of Dismissal with Prejudice that complies with Rule 41(a)(1)(A)(ii).

IT IS SO ORDERED.

                                                    */s/ Lajuana M. Counts*
                                                    LAJUANA M. COUNTS
                                                    UNITED STATES MAGISTRATE JUDGE